UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:22-cv-00398-MWF-SHK | Date: | June 2, 2022 |
|---|---|---|---|

Title:  **Jonathon J. Kohut v. R. Godwin**

Present: The Honorable   Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:     **ORDER TO SHOW CAUSE RE: STATUS REPORT**

On March 3, 2022, Petitioner filed a Petition for Writ of Habeas Corpus.  Electronic Case Filing Number ("ECF No.") 1.  The same date, Petitioner filed a Request and Memorandum of Law in Support of Stay-and-Abeyance.  ECF No. 3.  On March 14, 2022, the Court issued its order granting Petitioner's request to stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) ("Order" or "Ord.").  ECF No. 6, Ord.

The Court finds that more than sixty days have passed since the Court issued its order, and Petitioner has not updated the Court with a status.  As such, within forty-five days of this Order to Show Cause ("OSC") and every forty-five days thereafter, Petitioner must file a brief Status Report, in which Petitioner advises the Court of the status of the state habeas proceeding. If the proceeding remains pending, Petitioner may simply state that fact in his Status Report(s). Petitioner is also reminded that upon exhaustion of his state remedies, Petitioner must notify the Court within thirty days.  If the state court denies the claims, Petitioner also must file a motion to lift the <u>Rhines</u> stay so that the action may proceed based upon the Petition.

Finally, Petitioner is cautioned that if he fails to act diligently in seeking to exhaust his state court remedies or fails to file his Status Report(s) within the time frames discussed above, the Court may vacate the stay.

**IT IS SO ORDERED.**