UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON JOSEPH KOHUT,<br><br>Petitioner<br><br>v.<br><br>R. GODWIN, Warden,<br><br>Respondent. | Case No. EDCV 23-398-MWF (SHK)<br><br>**ORDER ACCEPTING REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the relevant records on file, the Report and Recommendation of the United States Magistrate Judge recommending the Petition be denied ("First Report," Docket No. 38), and the Report and Recommendation recommending denial of Petitioner's Request for Leave to Amend and Second Motion to Stay ("Second Report," Docket No. 43). The Court has conducted a *de novo* review of the portions of the Reports to which Objections were directed. Although not required, in an abundance of caution the Court briefly discusses the following points made in the Objections. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report

and recommendation).

Petitioner's objection to the First Report's recommendation as to Ground One is overruled. (Docket No. 47 at 1-4). As explained in the First Report, the state trial court's findings that no bad faith occurred in the destruction of the photographs after damage during a flood, and that the photographs were only *possibly* exculpatory, were reasonable. (Docket No. 38 at 17). Further, as explained, there was no apparent exculpatory value before the evidence was destroyed. (*Id.*). Petitioner has failed to overcome these findings, as well as the First Report's conclusion that the claim would not have been meritorious and thus Petitioner could not establish cause and prejudice to excuse procedural default of the claim. (*Id.*)

Regarding Ground Two, Petitioner appears to object on the basis that the Court has the discretion to address an unexhausted claim. (Docket No. 47 at 4-5). After finding the ground unexhausted, the First Report *did* address the merits of Petitioner's claim (Docket No. 38 at 20-22), and Petitioner makes no attempt to refute that analysis. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute [pertaining to objections review] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."). Accordingly, the objection is overruled.

Finally, Petitioner's objection to the First Report's recommendation as to his ineffective-assistance-of-counsel claims in Ground Three never effectively overcomes prejudice. (Docket No. 47 at 5-7). As discussed in the First Report, the evidence was overwhelming. (Docket No. 38 at 23). DNA taken from the victim's jawline, face, and oral swabs matched Petitioner's. (*Id.*). Petitioner chose to speak with investigating officers and cried when they informed him of the DNA match, and he stated that he wanted to apologize to the lady and was sorry for what he did. (*Id.* at 24). Further, Petitioner's right palm print matched a latent print lifted from the crime scene. (*Id.*). Notably, Petitioner makes no objection to the First Report's discussion of the DNA and palm print, or even acknowledge that evidence. *See*

*Thomas*, 474 U.S. at 149.  Petitioner's failure to overcome prejudice is fatal to his claims in Ground Three and his objections.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Further, for the reasons stated in the Second Report, Petitioner's objection to the recommendation to deny leave to amend and for a second stay is overruled.  (Docket Nos. 43, 51).

Finally, for the reasons stated in the Reports and in this Order, a certificate of appealability ("COA") is denied.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Request for Leave to Amend and Second Motion to Stay (Docket No. 40) is **DENIED**;

(2) the Petition and a COA are **DENIED**;

(3) Judgment be entered **DISMISSING** this action with prejudice.

Dated:  November 7, 2023

_____
MICHAEL W. FITZGERALD
United States District Judge